**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL120189

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN DIVISION

| | |
|---|---|
| Mayer Rosenberg, individually, and on behalf of all other similarly situated, | Case No: |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | JURY TRIAL DEMANDED |
| Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. | |
| Defendant. | |

Plaintiff Mayer Rosenberg, by and through the undersigned counsel, complains, states, and alleges against defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc., as follows:

## INTRODUCTION

1.      This is an action for damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

## JURISDICTION AND VENUE

2.      This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d).   The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

3.     This court has jurisdiction over defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. because it regularly conducts and transacts business in this state, and the conduct complained of herein occurred in this Judicial District.

4.     Venue is proper is this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5.     Plaintiff Mayer Rosenberg ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Kings County, New York.

6.     Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7.     Defendant Financial Business and Consumer Solutions, Inc. d/b/a FBCS, Inc. ("FBCS") is a corporation organized and existing under the laws of the State of Pennsylvania, with its principal place of business in Hatboro, Pennsylvania.  .

8.     FBCS has transacted business within the State of New York as is more fully set forth hereinafter in this Complaint.

9.     FBCS regularly collects or attempts to collect debts asserted to be owed to others.

10.    FBCS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11.    The principal purpose of FBCS's businesses is the collection of such debts.

12.    FBCS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13.     FBCS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.    The acts of FBCS as described in this Complaint were performed by FBCS or on FBCS's behalf by its owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to FBCS in this Complaint shall mean FBCS

BR L BARSHAY RIZZO & LOPEZ ATTORNEYS

or its owners, officers, agents, and/or employees.

## **FACTUAL ALLEGATIONS**

15.     FBCS alleges Plaintiff owes a debt ("the alleged Debt").

16.     The alleged Debt is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

17.     The alleged Debt does not arise from any business enterprise of Plaintiff.

18.     The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19.     At an exact time known only to FBCS, the alleged Debt was assigned or otherwise transferred to FBCS for collection.

20.     At the time the alleged Debt was assigned or otherwise transferred to FBCS, the alleged Debt was in default.

21.     On an exact date unknown to Plaintiff, but more than five days before March 2, 2020, FBCS called Plaintiff seeking to collect on the alleged Debt.

22.     In their efforts to collect the alleged Debt, FBCS caused correspondence, including a collection letter dated March 2, 2020, to be sent to Plaintiff.  (A true and accurate copy of that collection letter (the "Letter") is annexed hereto as "**Exhibit 1.**")

23.     The Letter conveyed information regarding the alleged Debt.

24.     The Letter was the initial written communication Plaintiff received from FBCS concerning the alleged Debt.

25.     The Letter is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

26.    15 U.S.C. § 1692g protects Plaintiff's concrete interests. Plaintiff has the interest and right to receive clear, accurate and unambiguous collection letters from FBCS that would allow Plaintiff to identify the source of the alleged Debt and confirm that the alleged Debt was actually owed.  As set forth herein, FBCS deprived Plaintiff of these rights.

27.    15 U.S.C. § 1692e protects Plaintiff's concrete interests. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from FBCS. As set forth herein, FBCS deprived Plaintiff of these rights.

28.    Plaintiff's injury is "particularized" and "actual" in that the Letter that deprived Plaintiff of the aforementioned rights was addressed and sent to Plaintiff specifically.

29.    Plaintiff's injury is directly traceable to FBCS's conduct because FBCS caused the Letter to be sent, and but for FBCS's conduct, Plaintiff would not have been deprived of the aforementioned rights.

30.    Plaintiff has been misled by FBCS's conduct.

31.    FBCS's conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from FBCS's conduct.

32.    Plaintiff justifiably fears that, absent this Court's intervention, FBCS will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged Debt and other alleged debts.

33.    Plaintiff justifiably fears that, absent this Court's intervention, FBCS will ultimately cause Plaintiff unwarranted economic harm.

34.     As a result of FBCS's conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

35.     As a result of FBCS's conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged Debt.

36.     The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

37.     A favorable decision herein would redress Plaintiff's injury with money damages.

38.     A favorable decision herein would serve to deter FBCS from further similar conduct.

39.     Upon information and belief, Plaintiff can prove that all actions taken by FBCS as described in this Complaint were taken willfully, with either the desire to harm Plaintiff with knowledge that its actions would very likely harm Plaintiff, and/or with knowledge that its actions were taken in violation of the law.

## FIRST COUNT
### Violation of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A) and 1692e(10)

40.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

42.     As relevant here, 15 U.S.C. § 1692g(a)(1) requires the written notice provide a

statement of the amount of the debt.

43.    To comply with 15 U.S.C. § 1692g(a)(1), the statement of the amount of the debt must accurately set forth the actual amount of the debt.

44.    A statement of the amount of the debt, when the debt is not owed at all by the consumer, violates 15 U.S.C. § 1692g(a)(1).

45.    The Letter claims that Plaintiff owes $1,299.47 (the "Claimed Amount").

46.    Plaintiff did not owe the Claimed Amount.

47.    Plaintiff did not owe the Claimed Amount at the time the alleged Debt was assigned or otherwise transferred to FBCS for collection.

48.    Plaintiff did not owe the Claimed Amount at the time FBCS caused the Letter to be sent to Plaintiff.

49.    Plaintiff did not owe the Claimed Amount at the time Plaintiff received the Letter.

50.    Plaintiff did not owe any money at all to FBCS.

51.    As such, FBCS did not accurately set forth the actual amount of the alleged debt as required by 15 U.S.C. § 1692g(a)(1).

52.    FBCS's statement of the amount of the alleged Debt, when Plaintiff did not owe any money at all to FBCS, violates 15 U.S.C. § 1692g(a)(1).

53.    For the foregoing reasons, FBCS's violated 15 U.S.C. § 1692g(a)(1) and is liable to Plaintiff therefor.

54.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

56.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

57.    An allegation by a debt collector that a consumer owes a debt, when the debt is not owed by the consumer, is a violation of 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10).

58.    FBCS's allegation that Plaintiff owed the Claimed Amount is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

59.    FBCS's allegation that Plaintiff owed the Claimed Amount is a false representation of the character, amount, and/or legal status  of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

60.    FBCS's allegation that Plaintiff owed the Claimed Amount is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

61.    For the foregoing reasons, FBCS violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violation of 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10)**

62.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

63.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

64.    As relevant here, 15 U.S.C. § 1692g(a)(2) requires the written notice provide a statement of the name of the creditor to whom the debt is owed.

65.     To comply with 15 U.S.C. § 1692g(a)(2), the statement of the name of the creditor to whom the debt is owed must accurately set forth the name of the entity that actually owns the debt.

66.     A statement of the name of the creditor to whom the debt is owed, when the consumer does not owe money to the stated entity, violates 15 U.S.C. § 1692g(a)(2).

67.     The Letter claims that Plaintiff owes money to Jefferson Capital Systems, LLC.

68.     Plaintiff did not owe money to Jefferson Capital Systems, LLC.

69.     Plaintiff was never indebted to Jefferson Capital Systems, LLC.

70.     Plaintiff did not owe the alleged Debt to Jefferson Capital Systems, LLC.

71.     Jefferson Capital Systems, LLC never offered to extend credit to Plaintiff.

72.     Jefferson Capital Systems, LLC never extended credit to Plaintiff.

73.     Plaintiff was never involved in any transaction with Jefferson Capital Systems, LLC.

74.     Plaintiff never entered into any contract with Jefferson Capital Systems, LLC.

75.     Plaintiff never did any business with Jefferson Capital Systems, LLC.

76.     Jefferson Capital Systems, LLC is a stranger to Plaintiff.

77.     As such, FBCS did not accurately set forth the name of the entity that actually owns the debt as required by 15 U.S.C. § 1692g(a)(2).

78.     FBCS's statement of the name of the creditor to whom the debt is owed when Plaintiff did not owe money to that entity, violates 15 U.S.C. § 1692g(a)(1).

79.     For the foregoing reasons, FBCS violated 15 U.S.C. § 1692g(a)(2) and is liable to Plaintiff therefor.

80.    15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

81.    15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

82.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

83.    An allegation by a debt collector that a consumer owes a debt to a certain entity, when the consumer does not owe money to that entity, is a violation of 15 U.S.C. § 1692e, 1692e(2)(A) and 1692e(10).

84.    FBCS's allegation that Plaintiff owed a debt to the Jefferson Capital Systems, LLC is a false, deceptive, and/or misleading representation made in connection with the collection of the alleged Debt in violation of 15 U.S.C. § 1692e.

85.    FBCS's allegation that Plaintiff owed a debt to the Jefferson Capital Systems, LLC is a false representation of the character, amount, and/or legal status  of the alleged Debt in violation of 15 U.S.C. § 1692e(2)(A).

86.    FBCS's allegation that Plaintiff owed a debt to the Jefferson Capital Systems, LLC is a false representation made in an attempt to collect the alleged Debt in violation of 15 U.S.C. § 1692e(10).

87.    For the foregoing reasons, FBCS violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) and is liable to Plaintiff therefor.


### THIRD COUNT
### Violation of 15 U.S.C. §§ 1692g(a)(2), 1692e, 1692e(2)(A) and 1692e(10)

88.    Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

89.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

90.     FBCS failed to send the Letter within 5 days of its initial communication with Plaintiff.

91.     For the foregoing reasons, FBCS violated 15 U.S.C. § 1692g and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

92.     Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the State of New York

93.     Plaintiff seeks to certify a class of:

> All consumers to whom FBCS sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

94.     This action seeks a finding that FBCS's conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

95.     The Class consists of more than thirty-five persons.

96.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

97.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as

a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  FBCS has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

98.     Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because FBCS's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

99.     Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

   a.   Certifying this action as a class action; and

   b.   Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

   c.   Finding FBCS's actions violate the FDCPA; and

   d.   Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

   e.   Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

   f.   Awarding the costs of this action to Plaintiff; and

   g.   Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

   h.   Such other and further relief that the Court determines is just and

proper.

DATED: February 23, 2021

**BARSHAY, RIZZO & LOPEZ, PLLC**

By: *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL120189
*Attorneys for Plaintiff*

